UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DURRELL RICHARD                                              CIVIL ACTION

VERSUS                                                       NUMBER: 16-13557

SHERIFF MARLIN GUSMAN                                        SECTION: "F"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Durrell Richard, against Defendant, Orleans Parish Sheriff Marlin N. Gusman.

Plaintiff is an inmate of the Riverbend Detention Center in Lake Providence, Louisiana. Plaintiff attaches to his complaint excerpts from the transcript of a fairness hearing held on April 1, 2013 in the matter entitled *Jones, et al. v. Gusman, et al.*, No. 12-CV-0859 "I"(5) in which he testified to the conditions that reportedly existed at the Orleans Parish Prison ("OPP") during the time that he was housed there from February to August of 2012. (*See* rec. doc. 406, pp. 134-166 in 12-CV-0859). Plaintiff also attaches to his complaint a copy of the "Stipulated Order for Appointment of Independent Jail Compliance Director" that was recently approved and entered into the record of the *Jones* matter on June 21, 2016 as evidence that the Sheriff allegedly continues to be in negligent violation of a Consent Judgment that was approved in that case in June of 2013. (Rec. docs. 1082, 466 in 12-CV-0859). Plaintiff seeks an unspecified amount of compensation and punitive damages. (Rec. doc. 1, pp. 3-4).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to

state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c).  Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

The parties to the Consent Judgment that was entered in *Jones* consisted of "… the Plaintiff class; [the] United States of America, acting through the United States Department of Justice; and the Orleans Parish Sheriff (in his official capacity)." (Rec. doc. 466, p. 5 in 12-CV-0859).  Those parties agreed "… to a settlement class comprised of all individuals who <u>are now or will be imprisoned in OPP</u>." (*Id.*)(emphasis added).  At the time of the fairness hearing that was held in *Jones* on April 1, 2013, Plaintiff was an inmate of the Louisiana State Penitentiary in Angola, Louisiana.  (Rec. doc. 193 in 12-CV-0859).  As noted above, Plaintiff testified in the fairness hearing that he was housed at OPP from February to August of 2012.  He was not housed at OPP at the time that the Consent Judgment was entered in June of 2013.  By definition, Plaintiff is not a member of the settlement class and thus not a party to the Consent Judgment in *Jones* which has no preclusive effect as to him, *Walker v. Gusman*, No. 12-CV-2521, 2015 WL 2354071 at *7 (E.D. La. May 15, 2015), and does not give rise to a private right of action enforceable in a separate proceeding like this one.  Moreover, any claims regarding the conditions of confinement which allegedly existed at OPP in 2012 have long ago prescribed.  *Id.* at *8.  The additional remedial relief that was recently agreed to by the parties in *Jones* does not operate to revive Plaintiff's otherwise prescribed claims.  Because Plaintiff's claims lack an arguable basis in law and fact and fail to state a claim upon which relief can be granted, they should be dismissed pursuant to §1915(e)(2)(B)(i) and (ii).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this 12th day of August, 2016.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.